John Francis Maher and Another, Respondents, *v.* Della Garry and Others, Appellants.

*Allegation of an oral modification of a written contract — failure to deny it — validity of such modification not determined on a motion.*

Where the complaint in an action alleges the oral modification of a written contract upon which the action is based, the question whether the oral modification can be proved by the testimony of witnesses present when the modification was made will not arise, unless such allegation is denied in the answer.

The question whether the oral modification of a written contract was valid, where it lies at the foundation of an action, will not be determined on a motion unless the question is so clear as to admit of little doubt.

Appeal by the defendants, Della Garry and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of May, 1895, continuing an injunction order made on the 20th day of April, 1895, during the pendency of the action.

*Samuel Untermyer*, for the appellants.

*Frederick K. Kellogg*, for the respondents.

PER CURIAM:

It is clear that in case the written contract under seal, entered into May 14, 1892, between the defendants' testator and the plaintiffs, has not been modified, this action cannot be maintained.

It is alleged in the complaint: " That the arrangement set forth in the said contract was first suggested by the said Thomas Garry and was made and entered into at his request; that after the said contract was drafted and presented to those plaintiffs for signature, said plaintiffs, in the presence of said Thomas Garry and other witnesses, objected to signing the said contract in its then existing form, their objection being specifically based upon the paragraphs marked ' Eleventh ' and ' Twenty-third ; ' that the said · plaintiffs and each of them positively refused to become parties to any agreement on such conditions ; that thereupon said Thomas Garry, after consideration of the matter, stated to the plaintiffs, in the presence of witnesses, that if the plaintiffs would sign the contract in the form as drawn, he would have a codicil attached to his will, providing that his executors should have no right or power to exercise or avail themselves of any power set forth in the agreement, or any part thereof, to terminate, rescind, annul or alter said contract as long as the plaintiffs should comply with the duties imposed upon them thereby ; that thereupon the said plaintiffs consented to and did sign the said contract, stating distinctly to the said Thomas Garry, in the presence of witnesses, that they did so solely in reliance upon his said promise and on the condition that he should fully carry out the same ; that in signing said contract said plaintiffs and each of them did so rely."

An answer has not been served ; the equities of the complaint are not denied ; neither is this allegation controverted by affidavits ; it is supported in behalf of plaintiffs by an affidavit of one of the executors and by the draftsman of the contract, who testify that they were present and heard the oral agreement made, which is averred in the paragraph of the complaint above quoted.

Unless this allegation is denied in the answer, the question whether the oral modification can be proved by the testimony of witnesses

who were present when made, will not arise. The question will be, is such an oral modification valid? This question lies at the foundation of the case, and ought not to be determined on a motion, unless so clear as to admit of little doubt. If the allegations contained in the paragraph quoted are not to be denied, the defendants can raise the question of their sufficiency by demurrer. The injunction does not change, but preserves, the relation of the parties in their business as established by the contract under which it has been carried on for the past three years. Should the plaintiffs establish the right to have the modified agreement specifically performed, and in the meantime should the business be broken up and destroyed, it would be well nigh impossible to compensate them in damages.

Under the circumstances, we think the order should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.